UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAFAYETTE LIFE INSURANCE COMPANY, | : | Case No. 1:18-cv-680 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ERIC GIVENS, SR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS ERIC GIVENS, SR., TCHACONA BELL, CAROLYN GIVENS, GREAT GRACE CHURCH, AND VARICE SMALLWOOD'S MOTION FOR DEFAULT JUDGMENT (Docs. 16)**

This civil action is before the Court on Defendants Eric Givens, Sr., Tchacona Bell, Carolyn Givens, Great Grace Church, and Varice Smallwood (the "Moving Defendants") motion for entry of default judgment as to Defendants Angela Givens and Eugene Givens. (Docs. 16). On the Court's review, the motion misses the mark.

The Moving Defendants bring this motion under Fed. R. Civ. P. 55(b)(2). Rule 55 sets out a two-step process. First, the Clerk must issue an entry of default under Rule 55(a). Second, the party must file a motion for a default judgment under Rule 55(b)(2). After the Clerk's entry of default and the party's motion for default judgment, the Court considers whether a default judgment is proper. *See id.*

Here, the Moving Defendants have not followed Rule 55's two-step process. They have skipped step one. The current motion does not ask for an entry of default. Instead, the motion asks for a default judgment—outright. Under such circumstances, the motion

must be denied.  *Cf. Ramada Franchise Sys., Inc. v. Baroda Enters.*, LLC, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (stating that an "entry of default is a prerequisite to a default judgment" (emphasis added)).

Based upon the foregoing, the motion (Docs. 16) is **DENIED without prejudice**,[1] so that the Moving Defendants may:

(1) Apply to the Clerk for an entry of default; then

(2) After default is entered, the Moving Defendants may

    (a) seek an entry of default judgment from the Clerk if the claim is for a sum certain, pursuant to Rule 55(b)(1), or

    (b) file an appropriate motion for default judgment with the Court, pursuant to Rule 55(b)(2), including any evidence related to the amount of damages sought.

**IT IS SO ORDERED.**

Date:  6/29/2020                                            *s/ Timothy S. Black*
                                                                                                  Timothy S. Black
                                                                                                  United States District Judge

---

[1] *Accord Harrington v. Delta Career Educ. Corp.*, No. 2:17-CV-736, 2018 WL 3080450, at *2 (S.D. Ohio June 22, 2018) ("[Plaintiff] failed to first apply for entry of default with the Clerk, which is a necessary prerequisite to a Court's entry of default judgment.  The Motion for Default Judgment against [Defendant] . . . is therefore **DENIED WITHOUT PREJUDICE**.  Once [Plaintiff] applies for default with the Clerk and default is entered, [Plaintiff] may re-file a Motion for Default Judgment."); **N.B.** *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, at *1–2 (S.D. Ohio July 15, 2019) (setting forth the requirements of an appropriate motion for a default judgment).